NOT DESIGNATED FOR PUBLICATION

No. 118,051

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

DONALD W. ROWELL, JR.,
*Appellant*,

v.

RAY ROBERTS, et al.,
*Appellees*.

MEMORANDUM OPINION

Appeal from Butler District Court; JOHN E. SANDERS, judge. Opinion filed March 2, 2018.
Affirmed.

*Kenneth B. Miller*, of Kenneth B. Miller Attorney at Law, LLC, of Wichita, for appellant.

*Joni Cole*, legal counsel, of El Dorado Correctional Facility, for appellees.

Before ARNOLD-BURGER, C.J., STANDRIDGE and BRUNS, JJ.

PER CURIAM: Donald Rowell, who was an inmate at the El Dorado Correctional Facility, appeals from the district court's summary dismissal of his K.S.A. 60-1501 petition for writ of habeas corpus. On appeal, Rowell argues that the district court erred by failing to properly consider his assignment under a prison program to perform work for a private employer as a protected liberty interest. Consistent with prior Kansas appellate cases, we conclude that Roswell's work assignment does not implicate a protected liberty interest. Furthermore, we conclude that his K.S.A. 60-1501 petition does not allege conduct that is shocking to the conscience or fundamentally unfair. Thus, we affirm.

1

In 2015, Rowell was an inmate at El Dorado Correctional Facility. As part of a prison program, he received an assignment to perform work for the Pioneer Balloon Company. Roswell performed his work for the Pioneer Balloon Company on the prison grounds while being observed by corrections officers. On March 3, 2015, a corrections officer observed Rowell eating pizza and drinking soda at his worksite. Consequently, the officer charged Rowell with a violation of published prison orders and the prison released Rowell from his work assignment.

A hearing officer determined—by a preponderance of the evidence—that Rowell had violated published prison orders. After exhausting his administrative remedies, Rowell filed a K.S.A. 60-1501 petition in the district court. Roswell alleged that he lost his work assignment through erroneous prison disciplinary proceedings and, as a result, that his constitutional rights had been violated. The district court summarily dismissed his K.S.A. 60-1501 petition because it did not implicate any deprivation of a liberty interest for which Rowell could obtain relief. After the district court denied a motion to reconsider filed by Rowell, he timely filed this appeal.

ANALYSIS

On appeal, Rowell argues that the district court erred in summarily dismissing his K.S.A. 60-1501 petition because, even though the prison did not fine him, he lost his position in the prison work assignment program. Summary dismissal of a petition under K.S.A. 60-1501 is permissible when, from the face of the petition, it can be established that the petitioner is not entitled to relief or if the undisputed facts show as a matter of law there is no cause to grant a writ. *Johnson v. State*, 289 Kan. 642, 648-49, 215 P.3d 575 (2009). To determine if the petitioner has stated a sufficient claim for relief, the district court must accept the allegations in the petition as true. Moreover, the district

court must review the allegations set forth in the petition—along with the contents of any attachments—to determine if a claim of "shocking and intolerable conduct or continuing mistreatment of a constitutional nature" has been asserted. *Schuyler v. Roberts*, 285 Kan. 677, 679, 175 P.3d 259 (2008). When reviewing a summary dismissal on appeal, we exercise unlimited review utilizing the same standard as used in the district court. *Johnson*, 289 Kan. at 648-49.

In order for a petitioner to establish a due process violation, the inmate must make a threshold showing of an improper deprivation of a protected interest without due process of law. *Johnson*, 289 Kan. at 649. A review of the petition in this case reveals that Rowell has not met this threshold. The only potential constitutional interest that Rowell has asserted is a purported right to participate in a prison work program. However, employment while incarcerated is not a protected liberty interest for the purpose of due process violations. *Stansbury v. Hannigan*, 265 Kan. 404, 421, 960 P.2d 227 (1998).

Both the United States Supreme Court and the Kansas Supreme Court have held that the liberty interests of prisoners are limited to freedom from restraints that impose atypical and significant hardships on the inmate in relation to the ordinary incidents of prison life. See *Sandin v. Conner*, 515 U.S. 472, 484, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995); *Murphy v. Nelson*, 260 Kan. 589, 600-01, 921 P.2d 1225 (1996). Here, Rowell's loss of his prison work assignment did not impose an atypical and significant hardship upon him, nor does he allege any conduct that is shocking and intolerable. Accordingly, we agree with the district court that from the face of Rowell's petition, it is established that he is not entitled to relief.

Affirmed.